

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr110 |
| | ) | |
| JEFFREY A. RATLIFF, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations in Count One of the Information and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt:

1. The United States Railroad Retirement Board ("U.S. RRB") is an independent agency in the Executive Branch of the Federal Government. The U.S. RRB's primary function is to administer comprehensive retirement, disability, survivor and unemployment/sickness benefit programs for the nation's railroad workers and their eligible family members under the Railroad Retirement Act and Railroad Unemployment Insurance Act.

2. From September 1974 until March 1995, defendant JEFFREY A. RATLIFF worked as a pipefitter for Norfolk Southern railroad. On July 6, 1995, RATLIFF initially applied for a U.S. RRB administered disability annuity arising from neck and shoulder injuries sustained on the job in February, 1990. In his Application for Determination of Employee's Disability, defendant claimed that he had a cervical neck injury and a left should injury. RATLIFF checked the box that stated that his condition "prevents me from working now." RATLIFF was

well aware that this statement was false, as RATLIFF was working as real estate agent at the time. RATLIFF further claimed that he stopped working for the real estate firm on or about May 31, 1995 when, in fact, he was still working there.

3. Moreover, in response to questions regarding RATLIFF's expectation of whether he expected to work during the next 12 months, defendant changed his answer from "yes" to "no." RATLIFF then crossed out the name of the real estate firm where he worked and, indeed, where he intended to continue to work. Finally, RATLIFF certified that he knew "that if I make a false or fraudulent statement in order to receive benefits from the RRB, I am committing a crime which is punishable under federal law." Defendant further certified that he was responsible for reporting events that would affect his annuity and that he had an obligation to immediately notify the U.S. RRB if he performed any work. Based in part on his misrepresentations, the U.S. RRB approved RATLIFF's request for a disability annuity and, as a result, RATLIFF received monthly disability payments.

4. From in or about April 1995 through in or about August 2015, defendant JEFFREY A. RATLIFF collected monthly disability benefits from U.S. RRB despite working as a real estate agent. In fact, defendant started working as a real estate agent on or about January 4, 1992 and continued in that position until the present day. Defendant was listed on his employer's website as an associate broker, and his employer confirmed his continuous employment with the firm over the last twenty years. During that time, defendant has been honored as the top listing agent and the top selling agent in his firm. At his request, the real estate firm paid RATLIFF his commissions using his wife's social security number to hide his income.

5. Each year, the U.S. RRB sent defendant a "Disability Reminder Notice" that reminded the defendant of his legal obligation to notify the Board if there was a change in employment status. The Notices repeatedly warned defendant that failure to notify the U.S. RRB of a change in employment status may result in criminal penalties. Defendant never notified the U.S. RRB that he was working as a real estate agent, and, as a result, defendant continued to receive disability benefits for 20 years.

6. On April 22, 2015, defendant JEFFREY A. RATLIFF completed a Continuing Disability Update Report. In this report, RATLIFF falsely certified that he had not worked for someone other than the railroad during the time period of April 1, 1995 through the present.

7. On July 22, 2015, defendant JEFFREY A. RATLIFF submitted to a voluntary interview with federal agents. At first, RATLIFF denied that he had derived any additional income by working as a real estate agent while collecting disability benefits. However, after being confronted with the documentary evidence showing that he was working as a real estate agent, RATLIFF admitted that he worked as a real estate agent, but was paid using his wife's social security number. RATLIFF further admitted that he has been working as a real estate agent since 1991, and that he did not tell the U.S. RRB about this work. RATLIFF stated that he knowingly lied on paperwork submitted to U.S. RRB, and that he knew it was wrong to do so. At the end of the voluntary interview, Defendant RATLIFF voluntarily prepared a written statement in which he admitted that he had worked as a licensed realtor since 1991.

8. As a result of defendant JEFFREY A. RATLIFF's conduct, the U.S. RRB suffered a loss of $447,483.74.

3

9. At all times relevant to this criminal information, defendant JEFFREY A. RATLIFF lived in Chesapeake, Virginia in the Eastern District of Virginia.

> Dana J. Boente
> United States Attorney
>
> By: *Melissa E. O'Boyle*
> Melissa E. O'Boyle
> Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JEFFREY A. RATLIFF, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*Jeffrey A. Ratliff*
JEFFREY A. RATLIFF

I am JEFFREY A. RATLIFF's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

*Lawrence H. Woodward, Jr.*
Lawrence H. Woodward, Jr.
Counsel for Defendant

4