IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr110 |
| | ) | |
| JEFFREY A. RATLIFF, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING

The United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Melissa E. O'Boyle, Assistant United States Attorney, offers the following with respect to the sentencing factors under both the United States Sentencing Guidelines and 18 U.S.C. § 3553(a). The government has no objections to the Pre-Sentence Report and advocates for a sentence at the low end of the advisory guideline range. In support of its position, the government states as follows:

I.   Background Facts

On September 14, 2016, defendant Jeffrey A. Ratliff, pled guilty to a one count criminal information charging him with theft of government property, in violation of Title 18, United States Code, Section 641. As articulated in the Statement of Facts underlying the guilty plea, Ratliff worked for Norfolk Southern railroad for over 20 years as a pipefitter. The United States Railroad Retirement Board ("U.S. RRB") is an independent agency that administers comprehensive retirement and disability benefit programs on behalf of the nation's railroad workers. On July 6, 1995, defendant initially applied for a disability annuity arising from neck and shoulder injuries sustained on the job in February, 1990. In his application, defendant checked the box that stated that his condition "prevents me from working now." Defendant was well aware that this statement was false, as defendant was working as a real estate agent at the time. Defendant further claimed that he had stopped working for the real estate firm on or about May 31, 1995 when, in fact, he was still working there.

Moreover, in response to questions regarding defendant's expectation of whether he expected to work during the next 12 months, defendant changed his answer from "yes" to "no." Defendant then crossed out the name of the real estate firm where he worked and, indeed, where he intended to continue to work. Finally, defendant certified that he knew "that if I make a false or fraudulent statement in order to receive benefits from the RRB, I am committing a crime which is punishable under federal law." Defendant further certified that he was responsible for reporting events that would affect his annuity and that he had an obligation to immediately notify the U.S. RRB if he performed any work. Based in part on his misrepresentations, the U.S. RRB approved defendant's request for a disability annuity and, as a result, he received monthly disability payments.

From in or about April 1995 through in or about August 2015, defendant collected monthly disability benefits from U.S. RRB despite working as a real estate agent. In fact, defendant started working as a real estate agent on or about January 4, 1992, and continued in that position until the present day. Defendant was listed on his employer's website as an associate broker, and his employer confirmed his continuous employment with the firm over the last 20 years. During that time, defendant has been honored as the top listing agent and the top selling agent in his firm. At his request, the real estate firm paid defendant his commissions using his wife's social security number to hide his income.

Each year, the U.S. RRB sent defendant a "Disability Reminder Notice" that reminded the defendant of his legal obligation to notify the Board if there was a change in employment status. The Notices repeatedly warned defendant that failure to notify the U.S. RRB of a change in employment status may result in criminal penalties. Defendant never notified the U.S. RRB that he was working as a real estate agent, and, as a result, defendant continued to receive disability benefits for 20 years.

On April 22, 2015, defendant completed a Continuing Disability Update Report. In this

report, defendant falsely certified that he had not worked for someone other than the railroad during the time period of April 1, 1995, through the present. As a result of defendant's false representations, U.S. RRB suffered a loss of $447,483.74.

On September 14, 2016, the Honorable Robert J. Krask, United States Magistrate Judge, accepted Ratliff's guilty plea. Defendant's sentencing hearing is scheduled to take place on January 20, 2017, at 11:00 a.m. before Chief Judge Rebecca Beach Smith.

II.     Standards Governing Sentencing

In three opinions, the Supreme Court established a new sentencing regime. In *United States v. Booker,* 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough,* 128 S. Ct. 558 (2007) emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 564. Finally, in *Gall v. United States,* 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the sentencing guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 596-97. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons,* No. 07-4888, 2008 WL 681764, at *1 (4th Cir. March 11, 2008) (citing *United States v. Pauley,* 511 F.3d 468, 473 (4th Cir. 2007)).

III. The Pre-Sentence Report

The government has no objections to the Pre-Sentence Report. Defendant also has no objection to the Pre-Sentence Report. Therefore, the advisory guideline range is 18 to 24 months imprisonment. Applying the 3553(a) factors, the government respectfully submits that the Court should sentence defendant to 18 months imprisonment.

IV. 18 U.S.C. § 3553(a) Factors

    A. Seriousness of the Offense

Theft of government property is a serious offense. Here, the seriousness of this offense is exacerbated by the length of time during which defendant perpetrated his crime and the steps he took to conceal his employment. In this case, defendant received fraudulent disability payments from April 1995 through August 2015. Defendant was well aware that he was working as a realtor when he applied for the disability payments, yet repeatedly denied his active employment. Moreover, defendant intentionally disguised his income derived from serving as a realtor by asking his company to pay his commissions under his wife's social security number. As a result of these misrepresentations, every single month for 20 years the federal government paid defendant a monthly benefit that he was not entitled to receive. By the time the U.S. RRB

discovered defendant's theft, he had wrongfully obtained $447,483.74. Indeed, the loss amount – which is significant for this type of case – is the factor that substantially enhances his advisory guideline range. In short, defendant's crime was extensive and serious and this weighs heavily against him.

B.  History and Characteristics of the Defendant

The Court also has to consider defendant's history and characteristics and this factor weighs in in defendant's favor. Defendant is 60 years old, he is in criminal history category I and has never committed a crime. Defendant was raised in a good, "close-knit" family with three siblings. Defendant and his wife have been married for 37 years and they have a wonderful family and grandchildren. Defendant also is active in his community.

Finally, defendant's conduct during this investigation and prosecution also weighs in his favor. As explained in his statement of facts, on July 22, 2015, defendant submitted to a voluntary interview with federal agents and ultimately admitted his guilt related to this crime. At the end of the interview, Ratliff voluntarily prepared a written statement in which he admitted that he had worked as a realtor since 1991. Moreover, defendant pled guilty to a criminal information thereby sparing government resources involved in his prosecution. Based on defendant's history and characteristics, the government is requesting a sentence at the low end of the advisory guideline range.

C.  Need to Deter Future Criminal Conduct

The Court also considers the need to deter future criminal conduct when sentencing the defendant. Because the defendant has never previously committed a crime prior to the instant offense, the government believes that there is little risk that this defendant will engage in illegal

conduct in the future. However, this factor also focuses on the need to deter others from engaging in the exact same criminal conduct. A sentence at the low end of the advisory guideline range followed by monthly restitution payments will place others on notice that criminal penalties will arise if they knowingly steal from the U.S. RRB.

D. Restitution

Finally, the government also will ask the Court to issue a Restitution Order requiring Mr. Ratliff to make restitution payments on a monthly basis towards the $447,483.74 in losses sustained by the U.S. RRB.

IV. Conclusion

For the foregoing reasons, the Government respectfully submits that a sentence at the low end of the advisory guideline range is sufficient but not greater than necessary in this case.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Melissa E. O'Boyle
Assistant United States Attorney
Virginia State Bar No. 47449
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - Melissa.OBoyle@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on January 13, 2017, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Lawrence H. Woodward, Jr.
317 30th Street
Virginia Beach, Virginia 23451
lwoodward@srgslaw.com

I further certify that on January 13, 2017, I caused a true and correct copy of the foregoing to be mailed to the following:

Carmen I. Perez
United States Probation Officer
600 Granby Street, Suite 200
Norfolk, Virginia 23510

By: _____/s/_____
Melissa E. O'Boyle
Assistant United States Attorney
Virginia State Bar No. 47449
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - Melissa.OBoyle@usdoj.gov