IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

UNITED STATES OF AMERICA

v.  CRIMINAL NO.: 2:16cr110

JEFFREY A. RATLIFF

Defendant.

## POSITION OF THE DEFENDANT, JEFFREY A. RATLIFF WITH RESPECT TO SENTENCING FACTORS

COMES NOW the defendant, Jeffrey A. Ratliff, by counsel, and states as follows for his position on sentencing:

Counsel has fully reviewed the pre-sentence report with Mr. Ratliff and there are no objections to the factual content or to the advisory sentencing guidelines. For the reasons set forth below, the defense requests that the Defendant be given a variant sentence below the advisory guidelines and that the Court impose a sentence that consists of a period of probation and community service.

Mr. Ratliff is 60 years old and has no criminal history. He has worked his entire life including approximately 20 years on the railroad, a job he had to leave due to an injury and which gave rise to the unfortunate circumstances which led to his prosecution and guilty plea. His personal, financial, medical, and employment history is fully set forth in the pre-sentence report.

The Court's obligation to impose a sentence that is sufficient but not greater

than necessary is accomplished by the sentence that the defense requests. Mr. Ratliff fully admitted his conduct when approached by Agents and did so without the benefit of counsel. He also waived all of his rights to indictment and trial and entered a plea of guilty. He has fully complied with all requirements of his bond. All of these actions indicate that Mr. Ratliff has respect for the law, can comply with Court ordered supervision and certainly these actions and his entire background indicate that there is no danger that he will ever again violate the law.

The offense to which Mr. Ratliff pled guilty does not have any minimum mandatory sentence. This is significant in that it demonstrates that Congress did not intend to mandate incarceration for a violation of this statute. Certainly if Congress had intended to limit the discretion of the Court by mandating that a sentence of probation, community service, and other sanctions that do not include incarceration was never appropriate, the statute could have been written to do so. Thus it is left to the Court to decide what cases and individuals should receive a sentence that does not include incarceration.

The Defendant's personal background, health issues, and activities over a lifetime are all factors that weigh in favor of the Defendant's requested disposition. He has acted responsibly in supporting his family, has not lived an extravagant or lavish life, and has fully expressed his contrition and shame in his letter to the Court. The respect and esteem that is expressed in the letters from those who know and interact with Mr. Ratliff in the community are also a powerful testament to the good

and constructive aspects of his character. These letters are from people who have known Mr. Ratliff for many, many years and discuss his many activities assisting the community including working with youth groups, church groups, and a long association with the food bank. It is important for the Court to note and consider that Mr. Ratliff's efforts to assist his community are consistent over his lifetime, not just activities that he undertook after getting in trouble in an attempt to curry favor or look good to the Court.

It is always disappointing when as individual with a good work ethic and strong family and community ties engages in unlawful conduct. It is perhaps a demonstration of the eternal truth that all human beings have both good and bad qualities. A criminal case at its outset always focuses on actions or conduct that represent a violation of the standards that the law imposes on us all. The defense contends that at sentencing the focus should include not only the wrong that a person has done but should rightfully focus on all of the Defendant's activities and great weight should be given to his positive qualities and accomplishments. By virtue of his actions and guilty plea, Mr. Ratliff will have the stigma of a felony conviction for the rest of his life. This alone will substantially limit his ability and opportunity to work and have professional licenses. The defense contends that the goals and purpose of 18 USC § 3553 can be met in this case by imposing a sentence that does not include incarceration.

Respectfully submitted,

JEFFREY A. RATLIFF

_____/s/_____
Lawrence H. Woodward, Jr., Esquire
Virginia State Bar #21756
Attorney for the Defendant
  Jeffrey A. Ratliff
Shuttleworth, Ruloff, Swain,
  Haddad & Morecock, P.C.
317 30th Street
Virginia Beach, Virginia  23451
Telephone Number:  (757) 671-6000
Facsimile Number:   (757) 671-6004
Email address: lwoodward@srgslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of January, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Melissa E. O'Boyle, Esquire
Assistant United States Attorney
Attorney for the United States
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
Phone: 757/441-6331
Fax: 757/441-6689
Email address: melissa.oboyle@usdoj.gov

And, I hereby certify that I have electronically email the foregoing to the following non-filing user:

Carmen I. Perez, Probation Officer
United States Probation
600 Granby Street, 2nd Floor
Norfolk, VA 23510
carmen_i_perez@vaep.uscourts.gov

                 /s/
Lawrence H. Woodward, Jr. Esquire
Virginia State Bar #21756
Attorney for the Defendant,
    Jeffrey A. Ratliff
Shuttleworth, Ruloff, Swain,
    Haddad & Morecock, P.C.
317 30th Street
Virginia Beach, Virginia   23451
Telephone Number:  (757) 671-6000
Facsimile Number:   (757) 671-6004
Email address: lwoodward@srgslaw.com